# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 09-CR-254

FRANWAN MATHIS et. al.,

    Defendants.

## ORDER ON THE DEFENDANT'S PRETRIAL MOTIONS

On October 15, 2009, Franwan Mathis ("Mathis") was charged in an indictment along with 17 other defendants with conspiracy to distribute more than five kilograms of cocaine, 50 grams of crack cocaine, and marijuana, all in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846. (Docket No. 1.) Mathis alone has filed pretrial motions in this case. (Docket No. 128, 129, 130.) The government has responded, (Docket No. 133, 134, 135), and the defendant has not replied. A final pretrial conference is scheduled for April 28, 2010 and a jury trial is scheduled to commence before Chief Judge Charles N. Clevert, Jr. on May 3, 2010.

**MOTION FOR EXCULPATORY INFORMATION**

Mathis has filed a broad generic demand for evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and the progeny thereof. (Docket No. 128.) For the reason set forth below, the court shall deny this motion.

Due process requires that the government, upon request, disclose evidence favorable to the accused. Brady v. Maryland, 373 U.S. 83 (1963). This duty arises automatically; a motion for and court order are completely unnecessary. This duty includes an obligation that the government

disclose information that it knows affects the credibility of its witnesses. Giglio v. United States, 405 U.S. 150 (1972). But Brady and its progeny establishes a disclosure rule, not a discovery rule. Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Higgins, 75 F.3d 332, 334 (7th Cir. 1996). "Disclosure even in mid-trial suffices if time remains for the defendant to make effective use of the exculpatory material." Higgins, 75 F.3d at 335 (citing United States v. Allain, 671 F.2d 248, 255 (7th Cir. 1982)).

The government responds that it is filing its open file policy and therefore shall disclose all exculpatory material. (Docket No. 132 at 2); see also Crim. L.R. 16(a)(2)). However, the government states it will not be disclosing all of the general categories of information sought by the defendant because it exceeds the bounds of Brady. (Docket No. 124 at 3-4.)

When the government is following its open file policy, as it is in this case, requests for disclosure of exculpatory information are entirely unnecessary. To the extent that the defendant seeks additional information beyond that covered by Brady and the progeny thereof, the motion constitutes a motion for discovery and thus are barred by Crim. L.R. 16(a)(1) for the defendant's failure to include a statement required by Crim. L.R. 16(b).

**MOTION FOR NOTICE OF INTENT TO INTRODUCE CERTAIN EVIDENCE**

Mathis asks the court to order the government to disclose whether it intends to introduce any evidence under Federal Rules of Evidence 404(b), 807, 801(d)(2)(E), 607, 608, and 609(a). (Docket No. 129.)

As this court has repeatedly said in the past, "motions" for disclosure under Rule 404(b) are improper. See, e.g., United States v. Kaffo, 2009 U.S. Dist. LEXIS 123046 (E.D. Wis. Dec. 22, 2009); United States v. Fisher, 2009 U.S. Dist. LEXIS 1809 (E.D. Wis. Jan. 12, 2009); United States v. Holmes, 2007 U.S. Dist. LEXIS 74151 (E.D. Wis. Oct. 3, 2007); United States v. Ferguson, 2007 U.S. Dist. LEXIS 74152 (E.D. Wis. Oct. 3, 2007); United States v. Urbina, 2007

U.S. Dist. LEXIS 55589 (E.D. Wis. July 31, 2007). Rule 404(b) obligates the government, upon request of the defendant, to provide the defendant with "reasonable notice" of its intent to use such evidence. The rule requires merely a request, not a motion. Thus, the motion shall serve as the defendant's request for notice.

As for Mathis' request for disclosure under Rule 801(d)(2)(E), the court understands this as a request for what is commonly referred to as a Santiago hearing. See United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978).

Pursuant to Federal Rule of Evidence 801(d)(2)(E), "a statement by a conspirator of a party during the course and in the furtherance of the conspiracy," is not hearsay.

> It is a condition for the admission of such statements, however, that the Government provide sufficient evidence to convince the court, as a preliminary matter (see Fed. R. Evid. 104(a)), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy."

United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991) (citing Santiago, 582 F.2d at 1134-35).

The Seventh Circuit has approved various procedures that a trial court may employ in order to make the preliminary determination required by Santiago:

> [1] the evidence as to these elements can be submitted to the court by way of proffer before trial, and the court can admit the statement(s) subject to its later determination that, based on all of the evidence admitted at trial, the Government has proved by a preponderance of that evidence all three requisite foundational elements. . . . [2] the court can rule on each statement as it is elicited based on the evidence the Government has adduced to that point; [3] the court can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so proving being a possible mistrial); [4] or the court can hold a "full blown" preliminary hearing to consider all evidence concerning the statements.

Cox, 923 F.2d at 526. The Seventh Circuit discourages the use of "full blown" hearing as a means to make this determination as "inefficient and potentially duplicative." Id.

In this district, it is the well-established long-standing practice to conditionally admit statements of alleged co-conspirators subject to the government showing that they are admissible in

3

accordance with the Santiago considerations. See, e.g., United States v. Kaffo, 2009 U.S. Dist. LEXIS 123046, 4-6 (E.D. Wis. 2009); United States v. Fisher, 2009 U.S. Dist. LEXIS 1809, 20-23 (E.D. Wis. 2009); United States v. Davis, 2007 U.S. Dist. LEXIS 86742 (E.D. Wis. 2007); United States v. Martinez, 2007 U.S. Dist. LEXIS 32930 (E.D. Wis. 2007); United States v. Arberry, 2007 U.S. Dist. LEXIS 23286 (E.D. Wis. 2007); United States v. Barrera, 2006 U.S. Dist. LEXIS 80433 (E.D. Wis. 2006); United States v. Arnett, 2005 U.S. Dist. LEXIS 46360 (E.D. Wis. 2005).

As for Mathis' request under Rule 807, the obligation of a proponent to disclose its intent to seek admission of evidence under this exception is automatic. Unlike Rule 404(b), not even a request for notice by the adverse party is required. Thus, again, a motion seeking to compel disclosure is entirely unnecessary.

Finally, as for Mathis' requests for disclosure under Rules 607, 608, and 609(a), these rules do not establish any obligation for a proponent to provide notice to an adverse party of the proponent's intent to use such evidence and Mathis points the court to no authority to suggest that it may be appropriate for the court to order pretrial disclosure of a party's intent to use such evidence.

With respect to Mathis' request for a pretrial determination of the admissibility of any evidence, with the exception of under Rule 801(d)(2)(E) as discussed above, these requests are properly raised in a motion in limine. Accordingly, the court shall deny Mathis' motion without prejudice.

**MOTION TO DISCLOSE THE IDENTITY OF CONFIDENTIAL INFORMANTS**

Mathis asks the court to order the government to immediately disclose the identities of "all cooperating witnesses and confidential informants in the discovery materials provided to defense counsel." (Docket No. 130 at 1.) The defendant states "The entirety of the prosecution against Mathis is directly derived from the statements to law enforcement of the unnamed individuals set forth in the introduction to this motion." (Docket No. 130 at 2.)

The government responds that it will disclose the identities of witnesses it intends to call in its case in chief, it will disclose the confidential informants' identities and disclose all related Brady and Giglio material 30 days before trial. (Docket No. 135 at 2-3.) As for all other confidential informants, the government states it will not disclose the identities of these individuals "unless clearly dictated by Brady."

It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. See Roviaro v. United States, 353 U.S. 53, 59-60 (1957); United States v. Conforti, 200 F.2d 365, 367-68 (7th Cir. 1952); United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials, by preserving the informant's anonymity. United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001). The government need not make any sort of threshold showing such as a risk of retaliation if the informant's identity is disclosed in order to invoke the privilege. United States v. Herrero, 893 F.2d 1512, 1525 (7th Cir. 1990) (quoting Dole v. Local 1942, IBEW, 870 F.2d 368, 372 (7th Cir. 1989)). Rather, the privilege is automatic. Id.

Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61. The defendant bears the burden of demonstrating that the privilege should yield. United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). "The confidential informant privilege 'will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful.'" Id. at 358 (quoting Local 1942, 870 F.2d at 373).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the

5

possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. Bender, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." Valles, 41 F.3d at 358.

Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in fair trial. Andrus, 775 F.2d at 841; Jefferson, 252 F.3d at 940-41.

As the government recognizes, the defendants are entitled to learn the identities of the confidential informants that the government intends to call as witnesses at trial. However, the government omits one category of confidential informant that the defendant is entitled to disclosure of—transactional witnesses. See United States v. Wilburn, 581 F.3d 618, 623 (7th Cir. 2009) (citing United States v. Harris, 531 F.3d 507 (7th Cir. 2008)). A "transactional witness" is one "who participated in the crime charged against a defendant or witnessed the event in question." Id.

Although Mathis would be entitled to learn the identities of transactional witnesses, it remains the defendant's burden to demonstrate that a particular CI is, in fact, a transactional witness and thus the government's privilege must yield. Mathis has failed in his burden to make this individualized showing. Rather, his motion contains merely a boilerplate recitation of the law; he makes no effort to demonstrate that any particular CI constitutes a transactional witness. Therefore, to the extent that Mathis' motion is not mooted by the government's agreement to disclose 30 days before trial the identities of CIs it intends to call to testify, Mathis' motion shall be denied.

**IT IS THEREFORE ORDERED** that Mathis' motion for discovery, (Docket No. 128), is **denied**.

**IT IS FURTHER ORDERED** that Mathis' motion for notice, (Docket No. 129), is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Mathis' motion to compel disclosure, (Docket No. 130), is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order or prior to the Final Pretrial Conference, whichever date is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this <u>14th</u> day of April 2010.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge